IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN C. ROSERO,
   *Plaintiff*,

v.

BALTIMORE CO. et al,
   *Defendants*.

Civil Action No. ELH-18-713

**MEMORANDUM**

Self-represented plaintiff John C. Rosero filed suit under 42 U.S.C. § 1983 against Baltimore County (the "County"); Baltimore County Executive Kevin Kamenetz; Arnold Jabolon, the County's "Director of Permits Approvals and Inspections;" Robyn Clark, a County Code Enforcement Inspection Supervisor; and Paul Cohen, a Code Enforcement Officer. ECF 1 (Complaint).[1] The 35-page Complaint details Mr. Rosero's repeated encounters with various defendants in their attempts to inspect Mr. Rosero's property for violations of the Baltimore County Zoning Regulations (the "Regulations"). *Id.* Further, he alleges that he "has been victimized continually" since March 2014, and has been subject to "Racial and National Origin discrimination because he is Hispanic." He also contends that he has been subjected to excessive fines. *Id.*

In his suit, Mr. Rosero alleges seven causes of action. Each is a constitutional challenge to the Regulations and its enforcement, based on Mr. Rosero's Fourth, Eighth, and Fourteenth Amendment rights. *Id.*

Along with the Complaint, plaintiff filed a combined Motion for Temporary Restraining Order and Preliminary Injunction. ECF 2. The motion is accompanied by a memorandum of

---

[1] Suit was filed on Friday, March 9, 2018.

law (ECF 2-1) (collectively, "Motion"), and a copy of the Code Enforcement & Inspection Citation issued February 14, 2018, and reflecting a civil penalty of $23,700. ECF 2-2. The subject of the Motion concerns Mr. Rosero's most recent interaction with certain defendants, who issued a citation to Mr. Rosero in February 2018 for a violation of Section 428 of the Baltimore County Municipal Code: "Outside Storage of Unlicensed or Inoperative Motor Vehicles on Residential Property." ECF 2-2 (Code Enforcement & Inspection Citation, or "Citation").

As noted, the Citation reflects a fine of $23,700. *Id.* at 1. Plaintiff seeks, ECF 2 at 1:

[A] temporary restraining order enjoining enforcement of the unconstitutional Baltimore County Zoning Code insofar as it (1) mandates warrantless home inspections without probable cause; (2) criminally and financially punishes homeowners who assert their Fourth Amendment rights to be free from such searches; (3) fails to amount to a regulatory scheme sufficient to permit the attainment of a warrant.

I interpret this as a request to enjoin enforcement of the Citation, and related sections of the Regulations, against Mr. Rosero.

Mr. Rosero states that he served the Motion on Baltimore County, "through email to Baltimore County on the date of its filing." ECF 2-1 at 25. However, none of the defendants has responded to the suit or the Motion, nor have they contacted the Court to indicate that the Motion has been received.

Plaintiff requests "waiver of the requirement to give security pursuant to Rule 103(4)." Presumably, plaintiff is referring to Local Rule 103.4, which provides that a defendant may "file a motion requesting that [a plaintiff] give security for costs if [the plaintiff] is not a resident of this District." That rule does not presently apply. Fed. R. Civ. P. 65(c) does apply, however. It provides that a "court may issue a preliminary injunction or a temporary restraining order only if

the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

## Discussion

### A. Injunctive Relief

The same analysis governs both a motion for preliminary injunction and a request for temporary restraining order. *See Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999).

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren.* 553 U.S. 674, 689-90 (2008)); *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345 (4th Cir.2009), *vacated on other grounds and remanded*, 130 S. Ct. 2371 (2010), *reaff'd in part and remanded*, 607 F.3d 355 (4th Cir. 2010). A preliminary injunction is a remedy that is "'granted only sparingly and in limited circumstances.'" *Micro Strategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir. 1991)).

Thus, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citing *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008); *Amoco Prod Co. v. Gambell*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-12 (1982)); *see also Real Truth About Obama*, 575 F.3d at 345 (applying the standard for

preliminary injunctions set forth in *Winter).* A preliminary injunction cannot be issued unless all four of these elements are met, and "'[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction.'" *Direx Israel*, 952 F.2d at 812 (quoting *Tech. Publ'g Co. v. Lebhar-Friedman, Inc.*, 729 F.2d 1136, 1139 (7th Cir. 1984); *Shaffer v. Globe Prod, Inc.*, 721 F.2d 1121, 1123 (7th Cir. 1983)).

Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); accord *Hertz v. Friend*, 599 U.S. 77, 95 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

### B. Adjudication Process

Maryland "delegates to local political subdivisions significant authority to regulate land use.[]" *County Council of Prince George's Co. v. Zimmer Dev. Co.*, 444 Md. 490, 503, 120 A.3d 677, 685 (2015). However, local governments "are limited to the powers granted to them by the State." *Id.* at 504, 120 A.3d at 685. Baltimore County has enacted various planning and zoning laws, pursuant to its status as a charter home rule county. *Security Mgmt. Corp. v. Baltimore County, Md.*, 104 Md. App. 234, 236, 655 A.2d 1326, 1327 (1995); *see Balt. Cnty. Charter* ("County Charter"), Art. I; Md. Const. Art. XI-A; Article 25A of the Annotated Code of

Maryland. Among these laws are the Baltimore County Zoning Regulations. *See* Baltimore County Municipal Code, §§ 32-3-101 *et seq*. The

Under Baltimore County Municipal Code (the "Code"), § 3-6-201, the County may "enforce and seek correction of any violation." In doing so, the County may issue a citation, in writing, "including a reference to the Code or County Code provision the violator has allegedly violated; . . . any civil penalty proposed to be assessed; and [an advisement] that the violator may contest the citation or proposed civil penalty by filing with the Code Official or the Director, within 15 days after receipt of the citation, a written request for a code enforcement hearing." Code § 3-6-205. It appears from Mr. Rosero's Citation that this section was satisfied.

The Code further states that, if a final order imposing a civil penalty is entered, "a violator or the county may appeal the final order to the Board of Appeals [the 'Board']." Code § 3-6-301. And, the Board's hearings are held *de novo*. *Id*. Thereafter, a party who is dissatisfied with the Board of Appeal's decision may appeal to the Circuit Court for Baltimore County, which has authority "to affirm the decision of the board, or, if such decision is not in accordance with law, to modify or reverse such decision, with or without remanding the case for rehearing, as justice may require." *Id*. § 604; L.G. § 10-305(d); *see* L.U. § 4-401. And, a litigant may seek further appellate review in the Maryland Court of Special Appeals and, thereafter, seek certiorari to the Maryland Court of Appeals. *See* Md. Code (2013 Repl. Vol., 2016 Supp.), Courts and Judicial Proceedings Article ("C.J."), § 12-308 (Court of Special Appeals); C.J. § 12-201 (Court of Appeals).

### C. Anti-Injunction Act

To the extent Mr. Rosero seeks to enjoin the state court proceeding regarding his alleged violation of the Regulations, the Anti-Injunction Act, 22 U.S.C. § 2283, is relevant. It prohibits

this court from granting "an injunction to stay the proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *See* 28 U.S.C. § 2283. Where the Anti-Injunction Act bars injunctive relief, issuance of a declaratory judgment that would have the same effect as an injunction is also unavailable. *See Samuels v. Mackell*, 401 U.S. 66, 73 (1971) (declaratory relief has virtually the same practical impact as a formal injunction).

### D. *Younger* Abstention

Even if the Anti-Injunction Act does not apply here, this Court would decline jurisdiction to issue an injunction under the doctrine of *Younger* abstention. *See Younger v. Harris*, 401 U.S. 37 (1971). *Younger* has come to represent the principle that "[w]here vital state interests are involved, a federal court should abstain 'unless state law clearly bars the interposition of the constitutional claims.'" *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (citation omitted).

Before abstaining under the *Younger* doctrine, a district court must answer affirmatively to three questions: "[*F*]*irst,* do [the state proceedings] constitute an ongoing state judicial proceeding; *second,* do the proceedings implicate important state interests; and *third,* is there an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.* at 432.

The attached Citation notified Mr. Rosero of a hearing concerning the violation, originally scheduled for February 28, 2018. ECF 2-2 at 1. The Citation states that, at the hearing (referred to in the Citation as a "quasi-judicial hearing"), Mr. Rosero is "entitled to be represented by an attorney, present witnesses, present evidence, and cross examine any witnesses." *Id.* at 2. And, "an appeal may be taken to the Baltimore County Board of Appeals."

*Id.* To the degree that the case is still active (as implied by Mr. Rosero's attempt to enjoin enforcement), it appears that this is an "ongoing state judicial proceeding."

As the Fourth Circuit has stated, "*Younger* abstention originated as a doctrine requiring federal courts not to interfere with ongoing state criminal proceedings. . . . The Supreme Court has since made clear, however, that it applies as well "'to noncriminal judicial proceedings when important state interests are involved.'" *Harper v. Pub. Serv. Comm'n of W.VA.*, 396 F.3d 348, 351 (4th Cir. 2005) (quoting *Middlesex*, 457 U.S. at 432). And, "property law concerns, such as land use and zoning questions, are frequently 'important' state interests justifying *Younger* abstention." *Id.* at 352 (citations omitted). *See also Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998) (*Younger* abstention is appropriate where the state proceeding is to enforce the local housing code); *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1083 (9th Cir. 1987) (*Younger* abstention is appropriate where the state proceeding is to enforce compliance with a nuisance ordinance).

Mr. Rosero seeks to enjoin the prosecution of a state proceeding to enforce a zoning code. ECF 2 at 1. Furthermore, plaintiff acknowledges "these zoning violations can end up causing the Plaintiff to be charged criminally." ECF 2-1 at 23 (citing Baltimore County Code § 35-2-406). Therefore, I find that the second element of *Younger* abstention is satisfied.

Finally, plaintiff has offered no evidence that he would not have "an adequate opportunity in the state proceedings to raise constitutional challenges." He argues extensively in his Motion that the "search" of his property, which gave rise to the Citation, was illegal. *See generally* ECF 2-1. However, he never suggests that state courts would be an inadequate forum in which to challenge this "search." The Citation indicates that plaintiff has the right to be represented by counsel and to appeal any adverse ruling. And, given that Mr. Rosero has not

even alleged that the state courts would deny him the opportunity to present his objections to the Citation, I see no reason to interfere with the state proceeding.

### E. *Burford* Abstention

Pursuant to *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), a federal court may, in its discretion, use its equitable powers to abstain from consideration of cases over which it has jurisdiction in order to show "'proper regard for the rightful independence of state governments in carrying out their domestic policy.'" *Id.* at 318 (citation omitted).

In *Burford*, Sun Oil Company challenged the validity of an order of the Texas Railroad Commission ("Commission") granting Burford a permit to drill four oil wells on land in east Texas. *Id.* at 317. The Supreme Court noted that the case was arguably an "'appeal' from the Commission." *Id.* Moreover, it observed that the order was "part of the general regulatory system devised for the conservation of oil and gas in Texas, an aspect of 'as thorny a problem as has challenged the ingenuity and wisdom of legislatures.'" *Id.* at 318.

In view of the sophistication of the state administrative process, the Supreme Court determined: "Insofar as we have discretion to do so, we should leave these problems of Texas law to the State court where each may be handled as 'one more item in a continuous series of adjustments.'" *Id.* at 332. It concluded, *id.* at 333-34:

> The state provides a unified method for the formation of policy and determination of cases by the Commission and by the state courts. The judicial review of the Commission's decisions in the state courts is expeditious and adequate. Conflicts in the interpretation of state law, dangerous to the success of state policies, are almost certain to result from the intervention of the lower federal courts. On the other hand, if the state procedure is followed from the Commission to the State Supreme Court, ultimate review of the federal questions is fully preserved here. Cf. Matthews v. Rodgers, 284 U.S. 521. Under such circumstances, a sound respect for the independence of state action requires the federal equity court to stay its hand.

The Court clarified its *Burford* decision in *New Orleans Pub. Serv., Inc. v. Council of Cty. of New Orleans*, 491 U.S. 350 (1989) ("*NOPSI*"). In *NOPSI*, an electrical utility brought suit challenging the decision of a local rate-making body concerning a proposed electricity rate increase. *Id.* at 352-53. The district court dismissed the case, finding, *inter alia*, that abstention was proper under *Burford*. *Id.* at 355-56, 357. The Fifth Circuit affirmed. *Id.* at 358.

The case was then heard by the Supreme Court, which explained, *id.* at 361:

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.

Although the *NOPSI* Court recognized that *Burford* is "concerned with protecting complex state administrative processes from undue federal interference" (*id.* at 362), it explained that *Burford* "does not require abstention whenever there exists such a process, or even in all cases where there is a 'potential for conflict' with state regulatory law or policy." *Id.* (citation omitted). Because the facts in *NOPSI* did not "demand significant familiarity with, and [would] not disrupt state resolution of, distinctively local regulatory facts or policies", the Supreme Court determined that *Burford* abstention was not appropriate. *Id.* at 364.

The Fourth Circuit has "applied *Burford* abstention to land use and zoning cases." *Pomponio v. Fauquier Cnty. Bd. of Supervisors*, 21 F.3d 1319, 1327 (4th Cir. 1994), *overruled in part on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728-31 (1996); *see Browning-Ferris, Inc. v. Baltimore County, Md.*, 774 F.2d 77 (4th Cir. 1985). According to the Fourth Circuit, cases involving questions of state and local land use and zoning law are "classic example[s] of situations in which 'the exercise of federal review of the question in a case and in

similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" *Pomponio*, 21 F.3d at 1327 (quoting *NOPSI*, 491 U.S. at 361); *see MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 282 (4th Cir. 2008) ("[W]e have repeatedly indicated 'cases involving questions of state and local land use and zoning law are a classic example of situations' where *Burford* should apply . . . .") (quoting *Pomponio*, 21 F.3d at 1327); *see also Browning-Ferris, Inc.*, 774 F.2d at 79-80 (reiterating that state and local zoning and land use law is especially a local matter).

Further, the Fourth Circuit stated in *Pomponio*, 21 F.3d at 1327: "Over frequent objections and challenges and in practically every instance, we have held that, absent unusual circumstances, a district court should abstain under the *Burford* doctrine from exercising its jurisdiction in cases arising solely out of state or local zoning or land use law, despite attempts to disguise the issues as federal claims." The Court noted that cases involving "unusual circumstances" had, to that point, included claims of religious prejudice, federal statutory preemption, and First Amendment rights. *Id.* at 1328. *Cf. Siena Corp. v. Mayor & City Council of Rockville Maryland*, 873 F.3d 456, 465 (4th Cir. 2017) (recognizing that "displeasure with State democratic outcomes does not ordinarily rise to the level of a federal constitutional violation"). The *Pomponio* Court ruled, 21 F.3d at 1328:

> We now make plain our decisions: In cases in which plaintiffs' federal claims stem solely from construction of state or local land use or zoning law, not involving the constitutional validity of the same and absent exceptional circumstances not present here, the district courts should abstain under the *Burford* doctrine to avoid interference with the State's or locality's land use policy.

However, other considerations require courts to proceed with caution before abstaining from a case. Notably, "when a federal court has jurisdiction, it also has a 'virtually unflagging obligation . . . to exercise' that authority." *Mata v. Lynch*, ___ U.S. ___, 135 S. Ct. 2150, 2156

(2015) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)); *accord Washington Gas Light Co. v. Prince George's Cnty. Council*, 711 F.3d 412, 418 (4th Cir. 2013). Thus, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River*, 424 U.S. at 813; *accord United States v. South Carolina*, 720 F.3d 518, 526 (4th Cir. 2013). Moreover, dismissal based on abstention is "appropriate only where the relief sought is equitable." *I-77 Properties, LLC v. Fairfield Cnty.*, 288 F. App'x 108, 110 (4th Cir. 2008) (per curiam) (citing *Quackenbush*, 517 U.S. at 728-31). In other words, "[w]here the plaintiff seeks damages, federal courts may not dismiss an action." *I-77 Properties, LLC*, 288 F. App'x at 110. Of course, plaintiff seeks equitable relief, in the form of an injunction. ECF 2.

This case bears the hallmarks of a local zoning case, appropriate for resolution by a Maryland State court.

**Conclusion**

This Court has no power to enjoin the state court zoning proceeding. *See* 28 U.S.C. § 2283. And, this case merits abstention under the *Younger* and/or *Burford* doctrines. Therefore, I shall DENY the Motion (ECF 2).

An Order follows, consistent with this Memorandum.

Date: March 19, 2018  /s/
Ellen Lipton Hollander
United States District Judge